**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

WHITLEY OUSLEY,
ADC #713051                                                                                          PLAINTIFF

1:16CV00059-DPM-JTK

DONNA JARRETT, et al.                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   Introduction**

Plaintiff Whitley Ousley is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this action pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief against Defendants based on Jarrett's alleged use of excessive force and Johnson's alleged failure to properly investigate an incident. (Doc. No. 2.)

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 12-14), to which Plaintiff filed a Response (Doc. No. 17).

**II.   Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the

x

moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion

At issue in this Motion is whether Plaintiff exhausted her administrative remedies prior to filing this lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 13-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Declaration of Barbara Williams, Grievance Coordinator for the ADC, who stated that Plaintiff Ousley did not exhaust a grievance naming either Jarrett or Johnson prior to filing this lawsuit on May 27, 2016 (Doc. No. 13-2).  Defendants also note that the ADC grievance policy is a two-step policy which requires the filing of an informal resolution within fifteen days of the alleged incident, and then a formal resolution if the inmate is not satisfied with the response.  Doc. No. 13-1, pp. 5, 8) A warden response to the formal grievance should be received within twenty working days, and if the inmate does not agree with the decision, the inmate should appeal to the deputy director within five days. (Id., p. 10) Finally, the grievance procedure informs inmates that the PLRA requires that grievances be completely exhausted prior to filing a lawsuit pursuant to 42 U.S.C. § 1983. (Id., pp. 14-15) Defendants conclude that Plaintiff did not exhaust her administrative remedies as to either of them prior to filing this lawsuit.

### B. Plaintiff's Response

Plaintiff states she began the grievance procedure on May 13, 2016, and received her response from the Warden on June 15, 2016. She also attaches a copy of this response, stating that Defendants falsely state she did not exhaust her administrative remedies. (Doc. No. 17, p. 4) She states that she tried to appeal the grievance but that it was returned to her the day after she sent it.

**C.  Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while

the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the ADC grievance policy in effect clearly instructs inmates to completely exhaust administrative remedies prior to filing a lawsuit. (Doc. No. 13-1, pp. 14-15). In this particular case, the incident about which Plaintiff complains occurred on May 6, 2016 (Doc. No. 2, p. 4), and she states she filed her grievance on May 13, 2016 (Doc. No. 17). She filed this lawsuit on May 27, 2016, and the response from the Warden is dated June 13, 2016, after the filing of this Complaint. (Id., p. 4) Therefore, Plaintiff clearly did not exhaust her administrative remedies with respect to her claims against Defendants Jarrett and Johnson prior to filing this lawsuit, as required by the ADC grievance procedure and the PLRA.

Plaintiff also named in her complaint an unknown ADC correctional officer, who has not yet been identified or served. (Doc. No. 2, p. 1) In light of the Court's present finding, the Court finds that any claim against this officer should also be dismissed, without prejudice.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion for Summary Judgment (Doc. No. 12) be GRANTED.

2.     Defendants Jarrett, Johnson, and Doe be DISMISSED from Plaintiff's Complaint without prejudice.

IT IS SO RECOMMENDED this 5th day of July, 2016.

                                                _____
                                                    JEROME T. KEARNEY
                                                    UNITED STATES MAGISTRATE JUDGE